UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| RONALD S. EASTER, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:07-CV-250 |
| | ) | (VARLAN/SHIRLEY) |
| TRANSPORT SERVICE CO., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This civil action is before the Court on defendant's Motion to Dismiss [Doc. 5]. Plaintiff has responded in opposition to defendant's motion [Doc. 8] and defendant has filed a reply [Doc. 9], thus, the motion is now ripe for determination. The Court has carefully reviewed the pending motion and responsive pleadings in light of the applicable law. For the reasons set forth herein, defendant's motion will be granted.

**I.     Relevant Facts**

As the Court is required to do on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court will construe the complaint [Doc. 1] in the light most favorable to the plaintiff, accept all well-pleaded factual allegations as true, and determine whether plaintiff can prove no set of facts in support of his claims that would entitle him to relief. *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003).

Plaintiff, Ronald Easter was employed by defendant, Transport Service from May 25, 1990 through August 22, 2006 as a long distance and local commercial truck driver. (Compl. ¶¶ 4, 13.) Throughout his employment with defendant, plaintiff maintained an accident-free driving record. (Compl. ¶ 13.) In approximately October 1998, plaintiff was first diagnosed with diabetes which was then controlled by medication. (Compl. ¶ 14.) Several years later, his diabetes required treatment with insulin shots. *Id.* From October 1998 through August 2006 plaintiff received physicals every two years from the Department of Transportation, which knew about his diabetes, and his Commercial Driver's License was always renewed. (Compl. ¶ 15.)

At some point prior to plaintiff's termination in August 2006, Mike Weaver, Transport Service's terminal manager, asked plaintiff's co-workers about plaintiff's medical condition and if they had ever seen plaintiff use a needle for insulin. (Compl. ¶ 16.) Mr. Weaver then demanded that plaintiff see the company doctor and sign a release for his medical records. (Compl. ¶ 17.) Mr. Weaver told plaintiff that defendant's safety department would not allow plaintiff to drive because of his insulin-dependent diabetes. *Id.* Plaintiff was also told that, because of his insulin-dependent diabetes, he was not qualified to drive according to the Department of Transportation. [Doc. 6.] Plaintiff offered to do local runs only in order to continue working. *Id.* Despite this offer, plaintiff was terminated on August 22, 2006. (Compl. ¶ 18.) Defendant alleges that it terminated plaintiff because he was not qualified to transport goods interstate and because he concealed his disqualification from defendant. [Doc. 6.] After his termination, plaintiff received a state waiver that permitted him to drive

intrastate in Tennessee. (Compl. ¶ 19.) Plaintiff asked to return to work at Transport Service after obtaining the waiver but was not permitted to do so. (Compl. ¶¶ 19-20.)

## II.     Standard of Review

Defendant Transport Service Co. has moved to dismiss plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6). A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) should not be granted "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). All well-pleaded allegations must be taken as true and be construed most favorably toward the non-movant. *Trzebuckowski*, 319 F.3d at 855. While a court may not grant a Rule 12(b)(6) motion based on disbelief of a complaint's factual allegations, *Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990), the court "need not accept as true legal conclusions or unwarranted factual inferences." *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). The Sixth Circuit has made it clear that despite the liberal system of notice pleading, "the essential elements of a plaintiff's claim must be alleged in more than vague and conclusory terms" if such a claim is to survive a Rule 12(b)(6) motion. *NicSand, Inc. v. 3M Co.*, 457 F.3d 534, 541 (6th Cir. 2006) (internal citations removed). The issue is not whether the plaintiff will prevail, but whether he or she is entitled to offer evidence to support his or her claim. *Chapman v. City of Detroit*, 80 F.2d 459, 465 (6th Cir. 1986). Consequently, a complaint will not be dismissed pursuant to Rule

12(b)(6) unless there is no law to support the claims made, the facts alleged are insufficient to state a claim, or there is an insurmountable bar on the face of the complaint.

**III. Analysis**

Plaintiff alleges that he was fired from his position as an interstate/intrastate truck driver by defendant, Transport Service, after defendant learned that plaintiff had insulin-dependent diabetes. Plaintiff alleges the following causes of action against defendant: disability discrimination and failure to accommodate in violation of the Americans with Disabilities Act, the Tennessee Human Rights Act, and the Tennessee Handicap Act; wrongful termination; negligence and negligent or intentional infliction of emotional distress; Use of Illegal Employment Device under section 50-6-114 of the Tennessee Code; violation of HIPAA;[1] and fraud. Defendant moves to dismiss each of those claims.

**A. Disability Discrimination and Failure to Accommodate in Violation of the Americans with Disabilities Act**

Counts I and II of plaintiff's complaint allege discrimination on the basis of a disability and failure to provide a reasonable accommodation in violation of the Americans with Disabilities Act (ADA). The ADA provides that "[n]o covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual." 42 U.S.C. § 12112(a) (2006). A plaintiff alleging a claim under the ADA must show that he (1) has a disability; (2) was qualified for the job; and (3) was denied a reasonable

---

[1] *See* note 2, *infra*.

accommodation or suffered adverse employment action as a result of his disability. *Roush v. Weastec, Inc.*, 96 F.3d 840, 843 (6th Cir. 1996). Plaintiff has not met his burden on each of these elements.

### 1. Plaintiff Was Not Disabled Under the ADA

Plaintiff's claim of disability discrimination must be dismissed because he is not disabled as defined by the ADA. The ADA defines disability as "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment. 42 U.S.C. § 12102(2).

Plaintiff has not shown how his insulin-dependent diabetes substantially limits a major life activity. Federal regulations state that major life activities are functions such as "caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." 29 C.F.R. § 1630.2(i). In order for a court to find that an individual is substantially limited in regards to the major life activity of working, the individual must be unable to perform a class of jobs or a broad range of jobs in various classes and not simply unable to perform a particular job. 29 C.F.R. § 1630.2(j)(3). Plaintiff admits that he was able to drive intrastate by obtaining a state waiver, had a clean driving record, and possessed a current commercial drivers license. Even if the Court assumes that truck driving is a class of job, because plaintiff could still drive intrastate, he was able to perform the job of truck driving and therefore was not substantially limited in performing the major life activity of

working. Plaintiff has not alleged that any other major life activity was substantially limited by his diabetes.

Plaintiff argues that even if he was not actually disabled, he falls within the third category of the definition of disability because he was regarded as having a disability by defendant. Although one of defendant's reasons for terminating plaintiff was his insulin-dependent diabetes, "[m]erely having an impairment does not make one disabled for the purposes of the ADA." *Toyota Motor Mfg., Ky., Inc. v. Williams*, 534 U.S. 184, 195 (2002). Plaintiff must still show that defendant regarded the impairment as substantially limiting a major life activity. *See EEOC v. Schneider Nat'l, Inc.*, 481 F.3d 507, 511 (7th Cir. 2007) (noting that in a "regarded as" case, plaintiff must show that his employer regarded him as being unable to work a broad range of jobs). As discussed above, driving a truck interstate for Transport Service is not a major life activity. Thus, simply because defendant determined that plaintiff was no longer qualified to work as an interstate/intrastate truck driver does not mean that defendant regarded plaintiff as being disabled.

### 2. Plaintiff Was Not a Qualified Person for the Job Under the ADA

Additionally, plaintiff's claim of disability discrimination under the ADA must be dismissed because plaintiff was not a person qualified for the job of interstate/intrastate commercial truck driver, the position from which he was terminated. A person qualified for a job is one who "with or without reasonable accommodation, can perform the essential functions of the employment position." 42 U.S.C. § 12111(8); *see also* 29 C.F.R. 1630.2(m)

6

(stating that an individual must meet job-related requirements to be qualified). One of the essential functions of plaintiff's job was interstate truck driving.

Federal regulations determine who is qualified to drive a commercial motor vehicle in interstate commerce. They state that a person shall not drive a commercial motor vehicle interstate unless he is qualified. 49 C.F.R. § 391.11. Moreover, "[a] person is physically qualified to drive a commercial motor vehicle if that person . . . [h]as no established medical history or clinical diagnosis of diabetes mellitus currently requiring insulin for control." 49 C.F.R. § 391.41(b)(3). Defendant has no discretion to deviate from these regulations and therefore had no choice but to terminate plaintiff as he had insulin-dependent diabetes and therefore was not qualified for the job. 49 C.F.R. § 391.11(a) ("[A] motor carrier shall not require or permit a person to drive a commercial vehicle unless that person is qualified to drive a commercial motor vehicle."). Because driving interstate was one of the essential functions of plaintiff's former position, he is not a qualified person for the job and defendant has no liability under the ADA.

Plaintiff alleges that he became qualified to drive intrastate by obtaining a state waiver and asserts that defendant is liable for failing to rehire him. However, even with a state waiver, plaintiff still was not qualified for his former position with defendant because he could not drive interstate. *See* Tenn. Code Ann. § 55-50-411 (noting that the waiver permits the holder to "operate a commercial motor vehicle only in intrastate commerce in Tennessee."). Plaintiff alleges that he applied for a federal wavier, but no such a waiver is available, and plaintiff does not allege ever receiving such a waiver. *See* 58 Fed. Reg. 40,693

7

(describing a pilot federal waiver program to which plaintiff refers that was not universally implemented). As such, plaintiff has not alleged facts sufficient to demonstrate that he ever became re-qualified for the position and defendant is not liable for failing to rehire plaintiff.

Additionally, even when a plaintiff is able to show that he was qualified for the position, a defendant can overcome ADA liability by showing a legitimate nondiscriminatory reason for electing not to rehire the plaintiff. *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506 (1993). Because plaintiff was fired for his dishonesty in addition to his diabetes, defendant had a legitimate nondiscriminatory reason for not rehiring plaintiff even if he became qualified as an interstate/intrastate truck driver.

### 3. Plaintiff Was Not Denied a Reasonable Accommodation Under the ADA

Plaintiff's claim that defendant failed to provide him with a reasonable accommodation must be dismissed because plaintiff did not suggest a reasonable accommodation that would have made him qualified. "A disabled employee who claims that he or she is otherwise qualified with a reasonable accommodation bears the initial burden of proposing an accommodation and showing that [the suggested] accommodation is objectively reasonable." *Hedrick v. Western Reserve Care System*, 355 F.3d 444, 457 (6th Cir. 2004) (internal quotations and citations omitted). Once the employee has requested an objectively reasonable accommodation, the employer bears the burden of showing that the accommodation imposes an undue hardship. *Id.*

The only allegation that can be construed as plaintiff suggesting any accommodation is that he offered to drive only local routes. An employer is not required to create a new position or modify the tasks of the employee's existing position in order to comply with the ADA. *Burns v. Coco-Cola Enters., Inc.*, 222 F.3d 247, 257 (6th Cir. 2000). When an employee serves multiple functions in a position, it is not a reasonable accommodation for the employee to be assigned to perform only one of the functions. *See Cochrum v. Old Ben Coal Co.*, 102 F.3d 908, 913 (7th Cir. 1996) ("[R]easonable accommodation does not encompass reallocation of essential job functions."); *Thoms v. ABF Freight Sys., Inc.*, 31 F. Supp. 2d 1119, 1125-26 (E.D. Wisc. 1998) (finding that an employer was not required to assign a person with diabetes in a truck driver/dock laborer position to only dock laborer duties). One of plaintiff's essential functions as an interstate/intrastate truck driver was to drive a commercial truck in interstate commerce. Defendant was not required to reassign plaintiff to only intrastate routes as that would require a modification to the position and reallocation of essential job functions to other employees and would therefore not be a reasonable accommodation.

There is no reasonable accommodation that would make plaintiff a person qualified for the job from which he was terminated. Plaintiff alleges that there is a federal waiver program to protect insulin-dependent drivers. However, as noted above, the waiver program identified by plaintiff was only a study instituted in the early 1990s and never universally implemented. 58 Fed. Reg. 40,693. Plaintiff also claims that employers must make an individual inquiry into whether an employee with insulin-dependent diabetes is qualified to

9

drive. Such individualized inquiry is contrary to the federal regulations regarding commercial truck drivers. *See* 49 C.F.R. § 391.41(b)(3) (forbidding a person with insulin-dependent diabetes from driving a truck interstate); 49 C.F.R. § 391.11(a) (withholding discretion from motor carriers). Plaintiff cites *Kapche v. City of Antonio*, 304 F.3d 493 (5th Cir. 2002), in support of his argument for an individualized inquiry, but that case is inapplicable as it involved a police officer unable to drive a patrol car and did not involve situation where federal regulations were in place.

Plaintiff's claims of disability discrimination and failure to accommodate under the ADA must be dismissed because plaintiff was not a disabled individual protected by the ADA, plaintiff was not qualified to transport goods interstate, and plaintiff was not denied a reasonable accommodation.

### B. Violation of HIPAA[2]

Count V of plaintiff's complaint alleges defendant is liable for invading plaintiff's privacy by questioning Transport Service's employees about plaintiff's medical condition in violation of Health Insurance Portability and Accountability Act of 1996 (HIPAA). Plaintiff's claim under HIPAA must be dismissed because HIPAA does not authorize a private cause of action. "HIPAA provides civil and criminal penalties for improper disclosures of medical information, but it does not create a private cause of action, leaving

---

[2]The complaint and all other pleadings in this case refer to the statute as HIPPA. However, the Court knows of no statute with that name and based on the claim alleged and the sources cited by both parties, the Court concludes that both parties intended to refer to HIPAA.

enforcement to the Department of Health and Human Services alone." *Doe v. Bd. of Trs.*, 429 F. Supp. 2d 930, 944 (N.D. Ill. 2006); *accord Runkle v. Gonzales*, 391 F .Supp. 2d 210, 237 (D.D.C. 2005) (finding no private cause of action under HIPAA); *see also* 42 U.S.C. § 1320d-5 (2006) (giving the Department of Health and Human Services the authority to impose penalties).

In his response to defendant's motion to dismiss, plaintiff attempts to save his claim under HIPAA by alleging that the ADA contains a "confidentiality provision" that imposes liability for "company disclosures pertaining to physical examinations and medical conditions revealed thereby." [Doc. 8, p. 15.] The subsection to which plaintiff refers merely permits employers to require a medical examination prior to commencement of employment so long as the information obtained during the examination remains confidential. 42 U.S.C. § 12112(d)(3)(B). The statute does not impose liability. Additionally, to the extent that this claim of liability is based on HIPAA, it does not create a private cause of action where one does not otherwise exist and to the extent that is it not based on HIPAA, it was not properly pleaded in the complaint and therefore is barred.

### C. State Law Claims

In light of the Court's ruling on plaintiff's federal claims as set forth above, the Court will decline to continue to exercise supplemental jurisdiction over plaintiff's state law causes of action. 28 U.S.C. § 1367(c). Accordingly, plaintiff's claims for disability discrimination and failure to accommodate in violation of the Tennessee Human Rights Act and the Tennessee Handicap Act; wrongful termination; negligence and negligent or intentional

infliction of emotional distress; use of an illegal employment device; and fraud will be dismissed without prejudice.

**IV.     Conclusion**

For the reasons set forth herein, defendant's motion to dismiss [Doc. 5] is **GRANTED**, and all federal claims shall be **DISMISSED with prejudice**. Plaintiff's state law claims shall be **DISMISSED without prejudice to refiling**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE